### 12045

### STATE v. GAULT *ET AL.*

#### (136 S. E., 738)

INTOXICATING LIQUORS—EVIDENCE HELD FOR JURY, IN PROSECUTION FOR STORING, ACCEPTING, RECEIVING AND POSSESSING WHISKY.—Evidence *held* sufficient to go to jury, in prosecution for storing, accepting, receiving, and having in possession certain whisky.

Before C. J. RAMAGE, SPECIAL JUDGE, Spartanburg Special Term, 1926. Affirmed.

Theo. Gault, jointly charged with another, was alone convicted of storing, accepting, receiving and having in possession whisky, and he appeals.

*Mr. L. G. Southard,* for appellant cites: *Evidence insufficient to convict:* 126 S. E., 765. *Cases distinguished:* 130 S. E., 558; 128 S. E., 409; 128 S. E., 726; 123 S. C., 47; 120 S. C., 400; 107 S. C., 408; 88 S. C., 493.

*Mr. I. C. Blackwood, Solicitor,* for respondent.

August 9, 1926.

The opinion of the Court was delivered by MR. JUSTICE BLEASE.

The defendant Theo. Gault and one Bailey were indicted in the Court of General Sessions of Spartanburg County on the charge of violation of the prohibition law. In the trial before Hon. C. J. Ramage, Special Judge, a verdict of acquittal was rendered in favor of the defendant Bailey under the direction of the Court. The defendant

Gault was found guilty on counts which charged him with storing, accepting, receiving, and having in possession certain whisky. From such conviction, he has appealed.

All the exceptions, seven in number, relate to the refusal of the Trial Judge to direct a verdict of not guilty as to the defendant Gault; the grounds of such motion being stated in the exceptions hereinafter set forth. The exceptions charge: (1) That there was no testimony that the appellant had unlawfully received alcoholic whisky containing more than 1 per cent. alcohol; (2) That there was no testimony showing that the appellant had unlawfully accepted alcoholic whisky containing more than 1 per cent. alcohol; (3) that there was no testimony that the appellant had unlawful possession of alcoholic whisky; (4) that there was a total lack of testimony as to continuity, which was necessary to establish the charge of storing whisky; (5) that there was no testimony of guilty knowledge as to the appellant; (6) that statements made by the appellant, in the absence of proof of the *corpus delicti,* were insufficient to warrant the case being submitted to the jury; (7) that the testimony in the case did not meet the test of the rule as to circumstantial evidence.

It appears from the record that the appellant makes no question as to any of the rulings of the presiding Judge in the admission of testimony, or as to the charge to the jury. The only matter for this Court to decide is whether or not there was sufficient testimony to warrant the case being submitted to the jury. We shall consider all the exceptions together. A brief review of the testimony, upon which the State asked conviction, is as follows:

One witness, Lemmon, testified that, upon his inquiry for whisky, and upon his turning over the sum of $5 to another person for the purpose of securing whisky, he was immediately carried to the appellant's house; that, while he could not say that whisky was purchased from appellant, he secured whisky at appellant's house, which he drank,

and that he saw a pint of whisky on a table in the house; that he saw Gault about the door of the house.

Officer G. C. Hayes testified as to finding numerous vessels, containers, barrels, cans, and kegs about the premises; also that he saw a man standing at the back door of appellant's house with something which appeared to him to be a bottle of whisky.

Witness Haddon testified that he saw whiskey in the appellant's house; that one Ballenger, after a visit to Gault's house, had a gallon of corn whisky which he did not see him have before he went to the house; that witness drank some of this whisky; and that it had "a kick" in it.

Officer Hachett swore that he, and the other officers, found around 18 to 20 gallons of corn whisky buried within 60 yards of the appellant's house.

Officer Byers told of making a search of the appellant's house and finding a trap in the cellar beneath the house.

Officer Henry testified that, by digging into the cellar, a pipe and barrel, into which the pipe led, were found buried beneath the ground, and that Gault showed the officers how he pumped disinfectant from this barrel.

There was considerable testimony as to statements made by the appellant. One statement was to the effect that he had formerly pumped whisky from the barrel beneath the ground, but being afraid the officers would catch him he had removed the whisky and had placed disinfectant in the barrel. Another statement of the appellant, as testified to by the officers, was that upon one occasion he said to two men, who had come to his place:

"Just go ahead now; the law is here searching; can't get none now."

Another statement, alleged to have been made by the appellant to one of the officers, was this:

"When you were over here the other day, you were so close behind me I was afraid you would come back and

find it. I emptied it (the barrel) and filled it up with water and disinfectant."

Also there was testimony that the appellant, when discussing with the officers the selling of whisky, stated that he "got a hundred a month whether he sold a pint or not." Another statement of appellant, as testified to by Officer Henry, was this:

"Sam, I made shore you had me yesterday. You had me if you had just drove in. I had 11 pints in my bosom. I told that fool to turn the basket to show if we had some liquor; I told him if he run I would shoot him; Sam Henry would shore grab me."

In his testimony, the appellant contended that his talks to the officers about whisky were done in jest.

There was also testimony that the house of appellant was visited frequently by quite a large number of men who were given to drinking intoxicating liquors. Appellant attempted to explain the frequent coming and going of these people with the claim that automobiles were repaired at his place by his codefendant, Bailey.

It cannot be successfully contended that the State relied alone upon circumstantial evidence. In addition to that class of testimony, there was direct evidence that some whisky was found on the premises.

It was for the jury to determine if the statements made by the appellant were in jest, or if they were in earnest, and, as suggested by the officers, that he was boasting of his ability to outwit the law.

Undoubtedly, there was plenty of testimony to require that the jury pass upon the issues. All the exceptions are overruled.

The judgment of this Court is that the appeal be and the same is hereby dismissed.

Mr. Chief Justice Gary, and Messrs. Justices Watts, Cothran and Stabler, concur.